## CONVEYANCE SET ASIDE.

Circuit Court of Cuyahoga County.

EDNA R. KRAMER v. ELIZA KRAMER.*

Decided, November 18, 1908.

*Deed from Daughter to Mother—Want of Consideration.*

A deed made without consideration by a daughter to her mother shortly after coming of age, will be set aside, notwithstanding it recites a consideration of one dollar, if the circumstances show that the daughter was not acting upon independent judgment of her own, uninfluenced by her mother.

*Klein & Harris*, for plaintiff in error.
*McKisson & Minshall*, contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The deed which it is sought to have declared void in this case was executed by the plaintiff within less than six months after she arrived at full age. The grantee was her mother, with whom she was living at the time, and with whom she lived from her birth up to a considerable time after this conveyance was made. Before the plaintiff became of full age, she had been with her mother to the office of a lawyer to have this deed executed and it would then have been executed but for the fact that the

*Affirmed by the Supreme Court without opinion, 82 Ohio State, 395.

lawyer learning of the minority of the plaintiff, advised the execution would be a nullity. From that time on, until the execution of the deed, the matter was apparently never dropped. When the man who drew the deed was first seen about it, the mother and daughter were together; and when the deed was executed the mother and daughter were together. It is suggested in the brief of counsel for defendant that there was a consideration for the execution in the $1 which was paid at the time the deed was executed, and attention is called to the case of ——.

Surely this claim is not sound, for if the deed had been made under a bargain with the mother that she should purchase the property for $1 the inadequacy of consideration would itself be a badge of fraud, when the fact was taken into consideration that the grantor was an eighteen year old daughter of the grantee with whom she was living and had lived all her life. In the case of *Mabel Lane* v. *The Reserve Trust Company,* this court decided on November 6, 1907, that a mortgage made by a young woman shortly after arriving at full age for the benefit of her step-father, to the Reserve Trust Company, where the entire benefit was for her step-father with whom she lived at the time of the execution of the mortgage, and during her minority, even though the trust company had no knowledge in regard to the matter other than the relationship which existed between the mortgagor and her step-father, is void. Judge Winch dissented from this opinion, but only upon the ground that the trust company was not chargeable with the fact that the mortgage was made by the reason of the influence that the step-father had over the daughter by simply showing the relationship between them. There is no intimation in his dissenting opinion that as between the step-father and the daughter the instrument would not have been void. In the majority opinion in that case it is shown that the presumption is that when a child, shortly after reaching majority, makes a conveyance without consideration to a parent, the conveyance results from the influence which the parent has upon the child, and this quotation is made from the opinion in the case of *Berkmyer* v. *Keller-*

*man,* 32 O. S., 253 (in which last named opinion the court quotes with approval, from *Cocking v. Pratt*, 1 Ves. Sr., 400, these words):

"The court will always look with a jealous eye upon a transaction between parent and child just come of age, and interpose if any advantage is taken."

It is not deemed necessary here to go into the details upon the evidence which was adduced in the case. As has already been said, the grantor was just past majority; she had always lived with her mother, and was living with her at the time of the execution of the deed; she went with her mother to the office of a lawyer to have the deed executed before she was of full age. It is manifest, therefore, from the evidence, that it was not first upon the suggestion of this plaintiff that the conveyance be made to her mother. She had no knowledge of business and probably had a very vague and indistinct knowledge of what her rights in the premises were as the heir of her father, until it was suggested to her by her mother, or by others. She was, as we think, not acting upon any independent judgment of her own, uninfluenced, when she went with her mother, before her majority, to a lawyer's office to execute this deed, nor did she ever thereafter exercise an independent judgment of her own, uninfluenced by the judgment of her mother, that this conveyance should be made. It is doubtful if she had any realization of the fact that the title would be in her mother in such wise that she would have no longer any interest in the premises.

In so holding we do not mean to charge the mother with an intentional wrong against her daughter. She seems to have thought, and some other friends seem to have thought, that the conveyance to the mother was more a matter of form than anything else, so as to make it easy to settle the estate of the deceased father, and that Edna's interest in the property would be fully as great after the conveyance as before. But for the fact that an unfortunate and unhappy disagreement has arisen between the mother and daughter, it is quite likely that the daughter would have been protected in her rights by her mother

as completely as though she had not made the deed. But by making the deed she parted with a title which she had a right to keep. We think from the evidence that she parted with the title without the exercise of independent judgment on her part and that therefore the conveyance must be held for naught.

A decree will be taken accordingly. This will restore to Edna her rights as they were before this conveyance was made. The property will be here, but no less liable to be converted into money if it shall become necessary for the payment of indebtedness of her father. In short, her rights will be neither greater nor less, by virtue of the decree in this case, than they would have been if the deed had not been made.